IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NETALOG, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:05CV00980 |
| TEKKEON, INC., | ) ) ) |
| Defendant. | ) ) |

MEMORANDUM OPINION

Beaty, Chief District Judge.

This matter is before the Court on a Motion to Dismiss for Improper Venue or, in the alternative, to Transfer this Action to the Central District of California [Document #12]. For the reasons discussed below, the Court concludes that venue is proper in the Middle District of North Carolina and that considerations of convenience do not favor transfer of venue. Therefore, the Motion to Dismiss and the Motion to Transfer will be DENIED.

I.   FACTUAL BACKGROUND

Plaintiff Netalog, Inc. ("Netalog" or "Plaintiff") is the owner of all rights to United States Patent No. 6,591,085 ("the '085 Patent"), entitled "FM Transmitter and Power Supply/Charging Assembly for MP3 Player." Netalog brings this patent infringement action pursuant to 35 U.S.C. § 271 and §§ 281-285 against Defendant Tekkeon, Inc. ("Tekkeon" or "Defendant") for alleged infringement of the '085 Patent in Tekkeon's "FM transmitter and power/charger assemblies," including a Tekkeon product known as "myTune."

Defendant Tekkeon is a small California corporation with fewer than ten employees, and a single office in Tustin, California, where all personnel work and where business records are kept. Tekkeon sells mainly to retailers, including online retailers, in addition to selling products directly to consumers from its internet website, www.tekkeon.com. Through its website, Tekkeon sold at least one of the allegedly infringing myTune products directly to a North Carolina resident before the Complaint in the present action was filed, and subsequently sold at least one more allegedly infringing myTune product directly to another North Carolina resident after the Complaint was filed.

Plaintiff Netalog is incorporated in North Carolina and has its headquarters in Durham, North Carolina, where it conducts all financial operations and business transactions. It also has a satellite office in Charleston, South Carolina. Netalog markets and sells a line of computer and digital music player accessories to both retailers and customers. Netalog's Internet website sells both Netalog products and those of third parties, including Tekkeon. As part of this ongoing relationship between Tekkeon and Netalog, Tekkeon sold at least 24 units of another product, known as myPower, to Netalog in North Carolina over a six month period.

Tekkeon has filed the present Motion to Dismiss on the grounds that venue is improper in the Middle District of North Carolina, or alternatively, that this action should be transferred to the Central District of California for the convenience of the parties. Tekkeon asserts that venue is improper in the Middle District of North Carolina because this Court lacks personal jurisdiction over Tekkeon due to the fact that Tekkeon did not 'purposefully direct activities'

2

toward North Carolina and that jurisdiction over Tekkeon is neither 'reasonable nor fair.' Alternatively, Tekkeon contends that this action should be transferred to the Central District of California for the convenience of the parties and in the interest of justice because Tekkeon's witnesses and evidence are in California, and the overall trial efficiency would be maximized there. In considering Defendant's motion, the Court will first consider whether venue is proper in this Court and will then consider whether this case should be transferred for convenience of the parties or in the interests of justice.

II. MOTION TO DISMISS FOR IMPROPER VENUE

The patent venue statute, 28 U.S.C. § 1400(b), provides that in a patent infringement action, venue lies where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business. A corporate defendant "resides" in any district in which it is subject to personal jurisdiction, and therefore venue is proper if "the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced." VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583-84 (Fed. Cir. 1990). Pursuant to this rule, if this Court has personal jurisdiction over Tekkeon, venue is proper in this district. The Court will therefore turn to an analysis of whether Tekkeon is subject to personal jurisdiction in the Middle District of North Carolina.

Under Federal Circuit precedent, there are two inquiries to determine whether personal jurisdiction exists over an out-of-state defendant: (1) whether the forum state's long-arm statute permits the assertion of jurisdiction; and (2) if so, whether the exercise of jurisdiction would be

3

consistent with the limitations of due process. See Genetic Implant Sys. v. Core-Vent Corp., 123 F.3d 1455, 1458 (Fed. Cir. 1997); Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1359-60 (Fed. Cir. 2001). North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, permits the exercise of personal jurisdiction to the full limits of federal due process. See Dillon v. Numismatic Funding Corp., 291 N.C. 674, 675-76, 231 S.E.2d 629, 630-31 (1977); see also Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 304 F. Supp. 2d 769 (M.D.N.C. 2004) (noting that N.C. Gen. Stat. § 1-75.4(4) specifically authorizes jurisdiction when a foreign act causes a local injury, including an act of selling allegedly infringing products into North Carolina). Therefore, the relevant inquiry is whether jurisdiction comports with due process. See Genetic Implant, 123 F.3d at 1458; Dainippon Screen Mfg. Co. v. CFMT, Inc., 142 F.3d 1266, 1270 (Fed. Cir. 1998).

Due process requires that the defendant have minimum contacts with the forum and that the suit not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 2d 95 (1945). Personal jurisdiction may be either "general" or "specific." General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts. See LSI Indus. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1375 (Fed. Cir. 2000). In contrast, specific jurisdiction exists based on isolated or sporadic contact with the forum state if the claim "arises out of" that contact. See id.; see also Akeva L.L.C. v. Mizuno Corp., 199 F. Supp. 2d 336, 339 (M.D.N.C. 2002) ("Specific jurisdiction can arise out of

4

even a single contact with the forum state if the claim 'arises out of' that contact."). Plaintiffs in the present case do not contend that general jurisdiction exists here, and therefore the issue in the present case is one of specific jurisdiction.

The Federal Circuit has established a three-part test for specific jurisdiction: "[1] whether the defendant purposefully directed its activities at residents of the forum, [2] whether the claim arises out of or relates to the defendant's activities with the forum, and [3] whether assertion of personal jurisdiction is reasonable and fair." Genetic Implant, 123 F.3d at 1458 (citing Akro Corp. v. Luker, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995)); Inamed Corp., 249 F.3d at 1360. The plaintiff has the burden of proof to establish the first two prongs. If the plaintiff satisfies his burden of proof on the first two prongs, it becomes the defendant's burden to present a "compelling case" that the exercise of jurisdiction would be unreasonable. See Inamed Corp., 249 F.3d at 1360.

The first prong of the Federal Circuit test requires that Tekkeon have purposefully directed its activities at residents of North Carolina. In this case, Tekkeon operated an interactive website from which it offered allegedly infringing products for sale to residents of North Carolina. In addition, through its website Tekkeon sold at least one of the allegedly infringing myTune products to a North Carolina resident. Tekkeon specifically admits that it directly sold one of the allegedly infringing products into North Carolina to a North Carolina resident before the Complaint in this action was filed. Given this, the Court concludes that Netalog has established that Tekkeon 'purposefully directed' its activities at North Carolina

5

residents.  Cf. Osteotech, Inc. v. GenSci Regeneration Sciences, Inc., 6 F. Supp. 2d 349, 354 (D.N.J. 1998) (holding that a single sale of an infringing product directly to a customer in the forum state is sufficient to establish jurisdiction because "[t]he law is clear that, where a defendant infringer is shown to have sold the allegedly infringing product in the forum state, the forum may exercise personal jurisdiction over the defendant"); Maxwell Chase Techs., L.L.C. v. KMB Produce, Inc., 79 F. Supp. 2d 1364, 1372-72 (N.D. Ga. 1999) (applying this rule to find jurisdiction based on a single sale of an allegedly infringing product into the forum state); see also Walter Kidde, 304 F. Supp. 2d at 771-72 (finding that defendant who offered allegedly infringing products for sale on its website and sold allegedly infringing products through distributors in North Carolina had 'purposefully directed' its activities at North Carolina residents).

The second prong of the Federal Circuit's personal jurisdiction test requires that the cause of action arise out of or directly relate to the Defendant's activities in the forum state.  In the present case, Tekkeon offered for sale and actually did sell an allegedly infringing product to a resident of North Carolina.  This patent infringement action alleges infringement by that product, and therefore the Court concludes that Netalog has shown that this action arises out of the Defendant's contact with the forum state.  Cf. Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1565 (Fed. Cir. 1994); Walter Kidde, 304 F. Supp. 2d at 772; see also HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1308 n.4 (Fed. Cir. 1999) (noting that the fact that infringement may also have occurred in other states is irrelevant to this inquiry because "[t]he proper test for 'giving rise' to a cause of action is not whether the activity in the forum state was

the exclusive ground of the plaintiff's complaint against the defendant. Rather, the test is whether the activity in the forum state is *a* basis for the cause of action.").

Finally, because Plaintiff can establish the first two prongs of the Federal Circuit's specific jurisdiction test, the burden shifts to Defendant under the third prong to show that the assertion of personal jurisdiction would not be 'reasonable and fair.' See Inamed Corp., 249 F.3d at 1360. In evaluating this issue, the Court must "consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief" as well as the furthering of "fundamental substantive social policies." Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987). In addition, the Supreme Court has noted that as a general matter, "to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue." International Shoe, 326 U.S. at 319, 66 S. Ct. at 160; see also North Am. Philips Corp. v. American Vending Sales, 35 F.3d 1576, 1580 (Fed. Cir. 1994) (holding that where the defendants were parties to the importation of the allegedly infringing product into the forum state, "the reasonable market participant in the modern commercial world has to expect to be haled into the courts of that state, however distant, to answer for any liability based at least in part on that importation").

In this case, Tekkeon enjoyed the benefits of conducting business in North Carolina because it used its website to solicit sales in North Carolina and ultimately sold at least one allegedly infringing product to a North Carolina resident. In addition, the Court notes that Tekkeon also maintained an ongoing relationship with Netalog, which is based in North Carolina, and Tekkeon sold multiple other products to Netalog in North Carolina over at least a six month period. In addition, Tekkeon also sold its products to other retailers with locations in North Carolina. Tekkeon thus took advantage of potential North Carolina business opportunities in various ways. In addition, the Court notes that North Carolina has a strong interest in protecting its resident patentees from patent infringement, as well as an interest in protecting against infringing products entering the state. Cf. Beverly Hills Fan, 21 F.3d at 1568. Netalog also has a strong interest in obtaining relief here in its home forum. Although there may be some burden on Tekkeon, Tekkeon assumed that risk by conducting business in North Carolina, and on balance the burden on Tekkeon is not sufficiently compelling to outweigh Netalog's and North Carolina's interests. Cf. id. Therefore, Tekkeon has not established that the exercise of jurisdiction in North Carolina is unreasonable or unfair.

For all of these reasons, the Court concludes that there is specific personal jurisdiction over Tekkeon in this case. Because personal jurisdiction exists over this corporate defendant, venue is also proper under the patent venue statute, as outlined above. Therefore, Defendant's Motion to Dismiss for Improper Venue will be denied, and the Court will turn to a consideration of Defendant's Alternative Motion to Transfer for Convenience.

III.   MOTION TO TRANSFER FOR CONVENIENCE

Under 28 U.S.C. § 1404(a), an action may be transferred to a different venue "for the convenience of the parties and witnesses" or "in the interest of justice." In a motion to transfer under 28 U.S.C. § 1404(a) in a patent infringement action, regional circuit law applies. See Winner Int'l Royalty Corp. v. Wang, 202 F.3d 1340, 1352 (Fed. Cir. 2000). In analyzing a § 1404(a) motion to transfer, there are several factors for the Court to consider and weigh, including:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996)(citing Datasouth Computer Corp. v. Three Dimensional Technologies, Inc., 719 F. Supp. 446, 450-51 (W.D.N.C. 1989)). In addition, "[w]hen deciding a motion to transfer, it is important to bear in mind that such a motion should not be granted if it simply shifts the inconvenience from the defendant to the plaintiff." Plant Genetic, 933 F. Supp. at 527; see also Walter Kidde, 304 F. Supp. 2d at 773 (noting that a transfer should not be granted "if the transfer would simply shift the inconvenience from one party to another").

When considering and weighing the factors on a § 1404(a) motion to transfer, the

plaintiff's choice of forum is accorded great weight, particularly where the plaintiff has brought suit in its home forum. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56, 102 S. Ct. 252, 267, 70 L. Ed. 2d 419 (1981). Although Tekkeon notes that a plaintiff's choice of forum should not be given weight when the cause of action has little relation to the forum state, "the deference given to the plaintiff's choice [of forum] is proportionate to the relation between the forum and the cause of action." Parham v. Weave Corp., 323 F. Supp. 2d 670, 674-75 (M.D.N.C. 2004). Therefore, less weight is accorded to a plaintiff's choice of forum in cases such as Parham, where the cause of action was unrelated to the contacts the defendant had with the forum state. However, where a plaintiff chooses to bring suit in its home state and the cause of action arises out of the defendant's contacts with that state, plaintiff's choice of forum is entitled to greater deference. See id.; see also Piper, 454 U.S. at 255-56, 102 S. Ct. at 267. In the present case, Netalog has brought suit in its home forum, and this action directly arises out of Tekkeon's activities directed at North Carolina. Thus, Plaintiff's choice of forum should proportionally be given great deference.

Tekkeon nevertheless asserts that the ease of access to sources of proof favors a California forum because all of Tekkeon's personnel and business records are in the California office. However, Netalog points out that this case involves a relatively small amount of documents. Additionally, a change of venue would result in an even greater burden on Netalog, who would then shoulder the burden of bringing witnesses and documents from North Carolina and South Carolina to California. With respect to securing availability of witnesses, Tekkeon asserts a

10

potential need to subpoena other purchasers of Tekkeon products, most of whom are in California. However, Netalog notes that there is no need for such witnesses, and Netalog further asserts a need to subpoena Mr. Stephen Hultquist of the Intellectual Property Technology Law Firm in Raleigh. With respect to the remaining factors, it is undisputed that a view of the premises is unnecessary, the enforcement of a judgment is not relevant, and that there is no obstacle to attaining a fair trial in North Carolina. In addition, the factors relating to practical problems with trial efficiency and court congestion do not weigh either way. Although there are no localized controversies, this suit does involve protection of local patentees, thus favoring keeping the case in North Carolina. In addittion, the applicable patent law is federal, and thus the same in either California or North Carolina.

Having considered all of the relevant factors, the Court concludes that while it might be more convenient for Tekkeon if this case were transferred to California, it would be equally or more inconvenient for Netalog if that were to happen, and a transfer would simply shift the inconvenience from Tekkeon to Netalog. Netalog's choice of forum is entitled to deference, and the remaining factors are either neutral or weigh in favor of North Carolina. Therefore, the Court concludes that the convenience of the parties and witnesses and the interests of justice do not support a transfer of this case to California, and the Motion to Transfer will be denied.

IV. CONCLUSION

For the reasons discussed above, the Court concludes that it does have personal jurisdiction over Tekkeon and that venue is proper in this Court. The Court further concludes

11

that the convenience of the parties and witnesses and the interests of justice do not support a transfer of venue in this case. Therefore, Defendant Tekkeon's Motion to Dismiss or Alternatively to Transfer Venue [Document #12] will be DENIED.

An Order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

This the 15th day of February, 2007.

/s/ James A. Beaty
United States District Judge